UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SHARON SNELL, et al., )  )  Plaintiffs, )  )  v. )  )  STATE AUTO PROPERTY AND )  CASUALTY INSURANCE COMAPNY, )  et al., )  )  Defendants. ) | No. 6:21-CV-22-REW  OPINION & ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 8, 2021, Defendant State Auto Property and Casualty Insurance Company ("State Auto") removed Plaintiffs Sharon Snell and Juanita Hamilton's Complaint from Knox Circuit Court. *See* DE 1 (Notice of Removal); DE 1-1 (State Complaint)[1]. As grounds, State Auto argued the Court could hear the case properly under its diversity jurisdiction. *Id.* at 2–3. State Auto, however, completely ignored the already served non-diverse co-Defendant Key Life Principal Brokerage ("Key Life"). Plaintiffs perceived the defect and quickly moved to remand. *See* DE 7 (Motion); DE 7-1 (Memorandum in Support). On February 19, 2021, State Auto responded to the remand attempt by raising, for the first time, the argument that Plaintiffs fraudulently joined Key Life to the state complaint to preclude federal court jurisdiction.[2] *See* DE 10. Plaintiffs replied, and

---

[1] The Complaint alleges that a January 24, 2020 fire destroyed Juanita Hamilton's property. DE 1-1 at 2. Plaintiffs claim that State Auto breached an insurance policy (and broke other Kentucky law) by failing to pay out the insurance coverage "for losses and damages sustained in a fire loss[.]" *Id.* at 3. Plaintiffs also claim that Defendant Key Life Principal Brokerage was negligent in its duty as Plaintiffs' insurance agent. *Id.* at 6–7.

[2] The record does not reflect Key Life opposing the Plaintiffs' remand attempt. Per Judge Ingram's briefing order, *see* DE 9, the Court construes Key Life's silence to the remand motion as indicating no objection.

1

the matter stands ripe for review. *See* DE 16. For the reasons discussed below, the Court **GRANTS** DE 7 and remands this case to Knox Circuit Court.

First, some procedural truths: State Auto, as the removing party, has the burden of establishing the Court's jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948–49 (6th Cir. 1994) The Court construes the removal statute strictly and resolves doubtful facts against the exercise of jurisdiction. *Huff v. AGCO Corp.*, 5:18-cv-00469-GFVT, 2019 WL 1177970, at *2 (E.D. Ky. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006), and *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)).On any fraudulent joinder rationale, the removing party faces a steep burden. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011).

State Auto, which ignored the true state of the pleadings at removal, waived its fraudulent joinder argument because it failed to raise the issue in the notice of removal or within thirty days of service of process. "The Sixth Circuit allow[s] . . . defective [removal] allegations to be cured after . . . thirty days [if] diversity jurisdiction *existed at the time of removal* and only 'additional allegations regarding diversity' were added." *Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 536 (E.D. Mich. 2004) (quoting *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993) *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999)) (emphasis added). "A defendant cannot argue a new substantive ground as a basis for removal in opposing remand." *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) (citing *Uppal*, 316 F. Supp. 2d at 535–36, *Schepis v. Loc. Union No. 17, United Bhd. Of Carpenters and Joiners of Am.*, 989 F. Supp. 511, 516 (S.D. N.Y. 1998), and *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924–25 (S.D. N.Y. 1995)). Thus, State Auto had to raise fraudulent joinder as a removal theory in the initial notice or amend the notice to include it

within thirty days of service. Proceeding as if Key Life did not exist in the case was not a valid option for the party invoking the Court's jurisdiction.

State Auto was served with the Complaint and Summons on January 19, 2021. DE 1 at 1. It then timely removed the action on February 8, 2021. *Id.* The notice of removal was facially defective. In the filing, State Auto, indicative of diversity jurisdiction, boldly asserted diversity of citizenship between it and Plaintiffs and cited an adequate amount in controversy. DE 1 at 2. State Auto recognized that co-Defendant Key Life was a party to the case, *see id.* at 1, but then completely ignored Key Life's likely Kentucky citizenship.[3] *See id.* at 2; DE 1-1 at ¶ 3 (calling Key Life a "Kentucky limited liability company"); *see also* DE 7-1 (confirming citizenship with reference to citizenship of member). The non-diverse defendant plainly, on the pleadings, prevents this Court from exercising diversity jurisdiction; the underlying complaint reflects an action other than one "between citizens of different States." 28 U.S.C. § 1332(a)(1); *see Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) ("Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state.").

State Auto responded to Plaintiffs' remand effort on February 19, 2021, thirty-one days after service, conceded Key Life's Kentucky citizenship, and for the first time argued that Key Life was fraudulently joined. DE 10. The argument is untimely, and State Auto has waived its ability to claim fraudulent joinder of Key Life. *Accord Warner v. Midnight Recovery, Inc.*, 2020 WL 1105111, at *4 (W.D. Ky. March 6, 2020) (holding that defendant's attempt to argue fraudulent joinder in response to remand was waived because it was not raised in the Notice of Removal); *DaSilva v. Germany*, CIVIL ACTION NO. 19-11184-WGY 2021 WL 210788, at *4

---

[3] Just as it ignored the obligation to have Key Life's assent, per § 1446(b)(2)(A).

(D. Mass. Jan. 21, 2021) ("Baader Germany neglected to raise its fraudulent joinder argument in its notice of removal and neglected to move to amend that notice within section 1446(b)'s thirty-day limit on raising grounds for jurisdiction upon removal to federal court. Its failure to do so waives fraudulent joinder as a 'substantial and material basis for subject matter judication.'") (internal citations and footnote omitted)).

Alternatively, and even if the argument were not waived, this clearly is not a case of fraudulent joinder. Again, this is State Auto's high burden to bear. *Walker*, 443 F. App'x at 954. The standard for determining fraudulent joinder is whether the plaintiff stated a "colorable cause of action" against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d at 907. "Asked another way, the question is 'whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). If Plaintiffs' claims against Key Life "ha[ve] even a 'glimmer of hope,' there is no fraudulent joinder." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999)).

State Auto also argues that Plaintiffs failed to state a claim against Key Life under the federal pleading standards, invoking Rule 12(b)(6) and *Iqbal/Twombly*. DE 10 at 2–4. This is mistaken, in context; "Kentucky pleading rules apply[.]" *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (noting that the standard for fraudulent joinder "is whether a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant should succeed *under state law*." (quoting *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d 931 940 (E.D. Ky. 2012) (emphasis in original)). Under Kentucky law, a complaint must contain only "a short and plain statement of the claim showing that the pleader is

4

entitled to relief." Ky. R. Civ. P. 8.01(1)(a). "It is immaterial whether the complaint states conclusions or facts as long as fair notice is given." *Pierson Trapp Co v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960). "[A Kentucky] court should not grant [a motion to dismiss for failure to state a claim] unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quotations removed). Resolving all doubts in Plaintiffs' favor, under the forgiving Kentucky standard and the "glimmer of hope" lens, validates joinder here.

The Complaint passes the Kentucky bar on plausibility and notice-pleading. Plaintiffs allege two counts against Key Life: 1) negligence, and 2) promissory estoppel. In Kentucky, to establish negligence, a plaintiff must prove "that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 133 S.W.3d 85, 88 (Ky. 2003). "Under Kentucky law, the four elements of promissory estoppel are '(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promise; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise.'" *Derby City Cap., LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 728 (W.D. Ky. 2013) (quoting *Bergman v. Baptist Healthcare Sys., Inc.,* 344 F. Supp. 2d 998, 1003 (W.D. Ky. 2004)).

Plaintiffs seek to blame Key Life for bad advice and policy management, claiming Key Life failed "to notify the Plaintiffs that a premium payment was due[.]" DE 16 at 3; *see also* DE 1-1 at 6–9. State Auto claims that the policy itself is not contested, and that it "does not raise cancellation or nonpayment of premiums as a defense and in fact admits the existence of the policy on the date of loss." DE 10 at 2. The pleadings dispute this characterization. Plaintiffs allege that, at relevant times, "the Plaintiffs had *in effect a policy of insurance*[.]" DE 1-1 at 2 (emphasis

5

added). State Auto denies the allegation "as written," admitting instead that it "had *issued* a policy of insurance[.]" DE 8 at 2. Issuance and effectiveness (at loss) are quite different things. State Auto also endeavored to retain a laundry list of (nominally, "all of those appropriate defenses set forth in Rules 8 and 12") state law defenses. *Id.* at ¶ 10. [4] This contradicts State Auto's briefing; the pleadings, of course, control what is at issue. State Auto's argument is ill-founded.

Plaintiffs allege Key Life "represented that premiums were current under the Policy and no additional action was needed" and that Key Life "made assurances and promises to the Plaintiffs regarding their insurance coverage for the property[.]" DE 1-1 at 7, 8. Plaintiffs further allege that they "relied upon the professional advice of [Key Life] in providing advice, counseling and recommendations with respect to insuring the property" and that they "reasonably relied upon such representations, assurances, promises and actions[.]" *Id.* at 7, 9. Finally, Plaintiffs allege that Key Life "breached the duties of care owed to Plaintiffs by failing to give proper notices and failing to properly have the Property insured for the losses incurred[.]" *Id.* at 8. This may be an alternative or contingent theory in the case, but the rules allow such a strategy. *See* CR 8.05(2) (allowing claim statements "alternately or hypothetically" and allowing inclusion of separate claims "regardless of consistency").

The allegations provide "a glimmer of hope" for Plaintiffs' claims against Key Life and clear the low bar. State Auto, for its part, sees this case as relating to the substance of the insurance contract in dispute, but Plaintiffs also pin error on their agent for bad advice and mismanagement that potentially led to a lapse or delay in coverage. Those claims are properly joined in Plaintiffs' Complaint, defeating removal.

---

[4] State Auto's Answer duplicates paragraph numbers after ¶ 11. *See* DE 8 at 2–4 (showing ¶ 10 followed by ¶ 11 and then ¶ 10). The quotation comes from ¶ 10 starting on page 4 of the Answer.

For all these reasons, The Court **GRANTS** DE 7 and remands the case to Knox Circuit Court.

This the 7th day of April, 2021.

Signed By:
*Robert E. Wier*  REW
United States District Judge